**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **RICKY M. KEMP** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO: 05-1632** |
| **JAMES M. LEBLANC, WARDEN** | * | **SECTION: "R"(6)** |

**REPORT AND RECOMMENDATION**

This matter was referred to the United States Magistrate Judge for the purpose of conducting hearings, including an evidentiary hearing, if necessary, and submission of proposed findings and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), and as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases. Upon review of the entire record, the court has determined that this matter can be disposed of without an evidentiary hearing. For the reasons set forth below, it is recommended that the instant petition be **DISMISSED WITH PREJUDICE**.

**PROCEDURAL HISTORY**[1]

On August 28, 2001, petitioner, Ricky Kemp, a prisoner incarcerated in Hunt Correctional Center, along with Ronnie Francois, was charged by bill of information with possession of heroin with intent to distribute, a violation of La. R.S. 40:966(A). On January 8, 2002, Kemp and

---

[1] The procedural history was taken from the Louisiana Fourth Circuit Court of Appeal's decision, *State v. Francois*, 844 So.2d 1042 (La. App. 4 Cir. 2003).

Francois were jointly tried before a twelve-person jury and were both convicted as charged. On February 4, 2002, the trial court sentenced both Kemp and Francois to serve five years at hard labor. The state then filed multiple bills. In April 2002, following separate hearings on their multiple bills, the trial court vacated their original sentences and re-sentenced Kemp to 20 years at hard labor as a third felony offender and Francois to 20 years at hard labor as a fourth felony offender. Both Kemp and Francois appealed their convictions and sentences.

On April 9, 2003, the Louisiana Fourth Circuit Court of Appeal reversed both Kemp's conviction and Francois' conviction, finding that the evidence was insufficient to support a finding that Kemp and Francois had the specific intent to distribute heroin. The court, however, found that the evidence was sufficient to "support a conviction for the lesser and included offense of possession of heroin" and amended their judgments of conviction accordingly. *State v. Francois*, 844 So.2d at 1050. The Louisiana Supreme Court, however, disagreed with the lower court's conclusion that the evidence was insufficient to support the jury's guilty verdicts on the charge of possession of heroin with the intent to distribute, determining that the state appellate court "erred in amending the jury's verdicts". *State v. Francois*, 874 So.2d 125, 127 (La. 2004) (*per curiam*).[2]

Petitioner filed the instant federal habeas corpus application raising as his sole claim for relief that there was insufficient evidence to support his conviction for possession of heroin with intent to distribute. The State concedes that petitioner has exhausted his state court remedies as required under *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982), and that the

---

[2] Louisiana Chief Justice Calogero, without assigning reasons, dissented from the majority's opinion; Louisiana Associate Justices Knoll and Johnson likewise dissented, assigning reasons to support their dissent. *Id*. at 128-130.

instant petition is timely.[3]  Accordingly, this court, following a recitation of the applicable facts and standard of review, shall proceed to address the merits of petitioner's claim.

**Facts**[4]

Pursuing an unrelated criminal investigation in August 2001, New Orleans Police Detectives Jules Martin and Jamar Little arrived at an address on Gibson Street to execute an arrest warrant for Linda Francois.  Henrietta Francois, Linda's mother, greeted the officers at the door and allowed them to look inside for her daughter.  As the officers entered the hallway of the apartment, they saw that the door to the first bedroom was slightly ajar and they heard people talking and a television playing loudly.  Because they were concerned for their safety, the officers announced their presence and pushed open the bedroom door.

As they entered the room, the officers observed Mr. Francois sitting on a chair between two twin beds, scooping white powder from a plate and placing it on square pieces of foil that were laid out on a brown photo album resting on Mr. Kemp's lap.  Mr. Kemp, sitting on the right corner of one of the twin beds, had used a pair of scissors to cut the foil into "perfect" squares and then folded the foils after Francois placed the white substance on them. The officers immediately arrested the two men and found 14 foils with heroin, six empty foils, a small mound of heroin on a plate with a plastic spoon, two pairs of scissors, a package of aluminum foil,

---

[3]*See* Federal rec., doc. # 11, State's Response at pp. 1 and 8.

[4]The facts are taken from the Louisiana Supreme Court's opinion, *State v. Francois*, 874 So.2d at 126.  As the state high court observed, while the prosecution and defense "hotly disputed" the inferences to be drawn from the evidence submitted at trial, the evidence itself was "largely uncontested".  *Id*.

pieces of foil cut into squares, a small plastic fork, a finger from a rubber glove which contained white residue, plastic bags containing residue, playing cards with residue on them, razor blades, and a box of sandwich bags which Detective Martin testified are commonly used in the streets to bundle together individual papers of heroin.  In total, approximately five to six grams of heroin, or one quarter ounce, was seized.  The officers also found $178 in cash, in denominations of twenties, tens, fives and ones, in the room and a medical bill addressed to Francois at that address.  A search of the remainder of the apartment uncovered no additional contraband, and a search of respondents did not yield any weapons or cash from either of them.  The officers did not inspect respondents' arms for track marks but they found no syringes or any other evidence which might have indicated that Francois's apartment functioned as a "shooting gallery."  Although not qualified by the court as experts in drug trafficking, both officers testified on the basis of their experience in the Third District Narcotics Unit that the "assembly line" process they had observed reflected "the operation of drugs being prepared for sales."

## **STANDARD OF REVIEW**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") includes a comprehensive overhaul of federal habeas corpus legislation, including 28 U.S.C. § 2254. Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law and mixed questions of fact and law where there has been an adjudication on the merits in State court proceedings.

State court determinations of questions of law and mixed questions of law and fact are reviewed under 28 U.S.C. § 2254(d)(1) and receive deference unless they were "contrary

to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). The United States Supreme Court has advised that:

> Under the "contrary to" clause, a federal habeas corpus court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor*, 529 U.S. 1056, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000); *Hill*, 210 F.3d at 485. Questions of fact found by the state court are "presumed to be correct ... and we will give deference to the state court's decision unless it `was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Hill*, 210 F.3d at 485, *quoting* 28 U.S.C.§ 2254(d)(2).

## **ANALYSIS**

As the Louisiana Fourth Circuit accurately observed, in order to support a conviction for possession with intent to distribute a controlled dangerous substance such as heroin, "the state must prove both possession and specific intent to distribute." *State v. Francois*, 844 So.2d at 1046 (citation omitted). The state appellate court further observed that in the instant matter, "possession [was] not at issue", "[b]oth Mr. Francois and Mr. Kemp clearly possessed the heroin that they were found packaging." *Id*. Instead, the critical issue was whether they had "the specific intent to distribute it." *Id*.

In resolving the above issue, in the context of a sufficiency of the evidence review, courts generally adhere to the standard set forth by *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). As the Louisiana Supreme Court explained in *State v. Mussall*, 523 So.2d 1305, 1309-1310 (La. 1988) (emphasis original):

> The *Jackson v. Virginia* doctrine involves more than simply applying a fixed standard to measure the simple quantum of the evidence produced in a case. Careful study must be given to both the majority and concurring opinions to fully understand the precise methodology which must be followed to determine objectively whether any rational trier of fact would have had a subjective doubt about the defendant's guilt. First, a review of a criminal conviction record for sufficiency of evidence does *not* require a court to " 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt' ". [*Jackson v. Virginia,* 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.] Second, a reviewing court must consider the record through the eyes of a hypothetical rational trier of fact who interprets all of the evidence as favorably to the prosecution as any rational fact finder can. [*Jackson v. Virginia,* 443 U.S. at 337, 99 S.Ct. at 2798, 61 L.Ed.2d at 585 (Stevens, J., concurring).] Third, the inquiry requires the reviewing court to ask whether such a hypothetical rational trier of fact interpreting all of the evidence in this manner could have found the essential elements of the crime beyond a reasonable doubt. [*Jackson v. Virginia, supra*, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573.]
>
> The principal criterion of a *Jackson v. Virginia* review is *rationality.* This is because under [*In Re] Winship* and *Jackson* Fourteenth Amendment due process demands that in state trials, as has been demanded traditionally in federal trials, a criminal conviction cannot constitutionally stand if it is based on a record from which no *rational* trier of fact could find guilt beyond a reasonable doubt. [*Jackson v. Virginia,* 443 U.S. at 317, 99 S.Ct. at 2788, 61 L.Ed.2d at 572 (citations omitted).] Accordingly, under the *Jackson* methodology a reviewing court is required to view the evidence from the perspective of a hypothetical *rational* trier of fact in determining whether such an unconstitutional conviction has occurred. In reviewing the evidence, the whole record must be considered because a *rational* trier of fact would consider all of the evidence, and the actual trier of fact is presumed to have acted *rationally* until it appears otherwise. [*Jackson v. Virginia*, 443 U.S. at 337, 99 S.Ct. at 2798, 61 L.Ed.2d at 585 (Stevens, J., concurring). If *rational* triers of fact could disagree as to the interpretation of the evidence, the *rational* trier's view of all of the evidence most

favorable to the prosecution must be adopted.  Thus, *irrational* decisions to convict will be overturned, *rational* decisions to convict will be upheld, and the actual fact finder's discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law.  [*Jackson v. Virginia*, 443 U.S. at 319, 99 S.Ct. at 2789, 61 L.Ed.2d at 573-574.]

In the instant case, the Louisiana Supreme Court observed that the Louisiana Fourth Circuit's determination, with respect to the insufficiency of evidence issue, was based upon its finding "that 'the jury reasonably could have inferred that [respondents] were packaging the heroin for their own personal use'", rather than with the intent to distribute the heroin. *State v. Francois*, 874 So. 2d at 127 (quoting *State v. Francois*, 844 So.2d at 1049).  The Louisiana Supreme Court concluded, however, that such a finding impinged upon the fact finder's discretion to an extent greater than that necessary to guarantee due process of law.  Specifically, the Louisiana Supreme Court reasoned:

> In the present case, respondent Francois's attorney put the issue of intent squarely before the jury when he urged jurors during closing argument to consider that: You can't take that stuff in big doses; it will kill you.  So what do you do with it?  Well, you break it down into useable sizes.  To be used at a later date so you don't wind up killing yourself.  You know, addicts sometimes, they'll just take this stuff forever.  So what you do is you cut it down to size, you put it in your little tin foil, you maintain it; when you're ready to use it, you open a little tin foil and you put something in there whether its methyl alcohol or whatever, dissolves it and you put your needle in it and you put it in your arms.  That's how it's done and that's what they did.  Now you think that's not true?  Well, let them show you evidence that that's not true.
> We cannot say on the present record that jurors unreasonably or irrationally rejected this defense hypothesis of innocence.  Even accepting defense counsel's argument that addicts would not consume the entire amount at one time, the care with which respondents converted the heroin from bulk form to individual doses supported a reasonable inference that they used a common method of packaging drugs for distribution because they meant to sell the squares on the street as opposed to dividing up the heroin for their own personal use at a

>later time. Because that inference flowed logically from the overall evidence presented by the state, ... jurors did not deprive respondents of their due process right to a fact finder's rational decision making by rejecting the more remote hypothesis that the packaging could have been for personal use as a basis for finding a reasonable doubt as to guilt that otherwise did not exist.

*State v. Francois*, 874 So.2d at 128 (citations omitted).

When conducting a post-AEDPA sufficiency of the evidence review, a federal court may grant relief only if it determines that the state court decision rested on an "unreasonable application" of clearly established Federal law, as determined by the Supreme Court, to the facts of the case. *See* 28 U.S.C. § 2254 (d)(1). This court finds that the Louisiana Supreme Court's decision, set forth above, does not rest on an unreasonable application of Supreme Court law, specifically, *Jackson v. Virginia*, *supra*, to the facts of this case.

Accordingly;

## RECOMMENDATION

It is hereby **RECOMMENDED** that the application for federal habeas corpus relief filed on behalf of petitioner, Ricky Kemp, be **DENIED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).

      New Orleans, Louisiana, this __17th__ day of _____October_____, 2006.

 

_____
LOUIS MOORE, JR.
United States Magistrate Judge